UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LEDON TIMOTHY JORDAN, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:20-CV-499-DRL-MGG |
| MICHAEL S. BERGERSON *et al.*, | |
| Defendants. | |

OPINION & ORDER

Ledon Timothy Jordan, a prisoner currently confined at the Miami Correctional Facility, filed a complaint under 42 U.S.C. § 1983 regarding events that occurred while he was a pretrial detainee. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

The court applies the same standard as when deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal quotation marks and citation omitted). A plaintiff can plead himself out of court if he pleads facts that preclude relief. *See Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007); *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

Mr. Jordan has sued Judge Michael S. Bergerson and Prosecuting Attorney Mark Roala for events that allegedly occurred in the LaPorte Superior Court #1. According to Mr. Jordan, on August 20, 2019, several days after he was arrested on drug charges, Judge Bergerson set his bond at $50,000 and refused to reduce it or let Mr. Jordan out on work release. When Mr. Jordan renewed his request for bond reduction or release on February 6, 2020, Judge Bergerson said he "didn't see reasons" to do so even though Mr. Jordan had informed him he was experiencing unresolved gastrointestinal issues. ECF 1 at 2–3. Mr. Jordan seeks monetary damages from Judge Bergerson and Attorney Roala for the emotional distress and pain he experienced, along with the food he was forced to buy, while incarcerated.[1]

Regarding Judge Bergerson, "[a] judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (internal quotation marks and citation omitted). Here, Judge Bergerson had jurisdiction to preside over a bond hearing in Mr. Jordan's criminal case, to set bond, and to rule on subsequent motions involving that bond. Accordingly, Mr. Jordan may not maintain a § 1983 claim against him.

Similarly, as to Attorney Roala, "[p]rosecutors are absolutely immune from suits for monetary damages under § 1983 for conduct that is 'intimately associated with the judicial phase of the criminal process.'" *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). "Absolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Id.* (internal quotation

---

[1] When Mr. Jordan filed this complaint, he was housed at the Reception Diagnostic Center. Although it is not entirely clear, it appears that the incarceration period he complains about here occurred at the LaPorte County Jail. *See* ECF 1 at 3.

marks and citation omitted). Because Mr. Jordan's suit challenges Attorney Roala's conduct with regard to the setting of the allegedly excessive bail—undoubtedly part of the judicial phase of the criminal process—the claims against him may not proceed.

Although it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed *sua sponte*, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). Such is the case here.

Therefore, because the suit alleges claims against defendants who are immune, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED.

October 16, 2020                                            *s/ Damon R. Leichty*
                                                            Judge, United States District Court